IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MATTHEW W. WESTON, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HIGHWAY EMERGENCY LOCAL PATROL, LLC. and SAMEERA TILLMAN,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>COLLECTIVE ACTION COMPLAINT<br><br>For Violations of the Fair Labor Standards Act of 1938, As Amended<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Matthew Weston (hereinafter "Plaintiff" or "Weston"), by and through his undersigned counsel, and files this Complaint on behalf of himself and all others similarly situated against the Defendants Highway Emergency Local Patrol, LLC (and its affiliated companies)("HELP") and Sameera Tillman ("Tillman") (hereinafter collectively referred to as "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy

violations of the regular and overtime provisions of the Act by Defendants which have deprived the named Plaintiff, as well as others similarly situated to the Plaintiff, of their lawful overtime wages.

2. Other current and former employees of Defendants are also entitled to receive regular and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted to maintain this action "for and on behalf of [himself] and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid overtime compensation owed to the Plaintiff and all current and former employees of Defendants who are similarly situated to the Plaintiff, pursuant to the FLSA. The Plaintiff and the collective group similarly situated are or have been employed by Defendants, working as roadside assistance technicians.

4. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have committed widespread violations of the FLSA by misclassifying their employees as independent contractors and failing to compensate their employees at an overtime rate for hours worked in excess of

40 hours in a given workweek and other compensation associated with their employment.

5. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid regular and overtime compensation for work performed and an equal amount of liquidated damages to compensate them for the delay in payment of money due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b)-(c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court.

## III. PARTIES

8. Plaintiff MATTHEW WESTON resides in Warner Robins, Georgia (within this District) and is a citizen of the United States. Weston was employed by the Defendants as a roadside emergency assistance technician covering the middle Georgia area. He regularly worked for Defendants within this District.

9. At all times material to this action, the named Plaintiff and all members of the collective action are and/or were "employees" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by Section 207 of the FLSA for the period in which they were employed by Defendants. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. § 216(b). *See* Consent Form attached hereto as "Exhibit 1." Plaintiff and the similarly situated employees are individuals who were, or are, employed by HELP as roadside assistance technicians.

10. Defendant HIGHWAY EMERGENCY LOCAL PATROL, LLC is a corporation based in Georgia which conducts business within this State and maintains its principal place of business at 35 Pine Grove Dr., Locust Grove, Georgia, 30248. HELP owns and operates a business providing roadside assistance to motorists in need of their services.

11. HELP maintains either actual or constructive control, oversight and direction over the operation of its employees, including the practices of those operations.

12. HELP is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its designated agent, Sameera Tillman, located at 35 Pine Grove Drive, Locust Grove, Georgia, 30248.

13. At all times material to this action, HELP was an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203(s)(1) of the FLSA. For example, HELP regularly utilizes a number of goods purchased through interstate commerce (including, but not limited to, automobiles, gasoline, cellular telephones, GPS devices) and utilizes interstate services (including, but not limited to, contracting with commercial enterprises located outside of the State of Georgia, processing credit cards from, and with companies located outside of Georgia, and utilizing interstate tracking systems) in its business.

14. Upon information and belief, at all times relevant to this action, HELP had an annual gross volume of sales which exceeded $500,000.

15. Defendant SAMEERA TILLMAN was and is an owner and operator of HELP during the applicable statute of limitations. Tillman was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. At all times material to this action, Defendants were "employers" of the named Plaintiffs and/or others similarly situated, as defined by § 203(d) of the FLSA.

17. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV. VIOLATIONS OF THE FLSA

18. During the period of time material to this action, Defendants employed Plaintiff Matthew Weston and other similarly situated employees as roadside assistance technicians.

19. During periods throughout the last three years, Plaintiff frequently worked more than 40 hours per week without being paid overtime compensation.

20. During periods throughout the last three years, Defendants failed to properly compensate Plaintiff for overtime hours worked in violation of the FLSA, as well as certain expenses incurred by the Plaintiff on the Defendants' behalf.

21. Plaintiff claims that overtime wages were not properly paid to him during his employment with HELP. The amount that Plaintiff currently seeks in overtime wages is set forth in Exhibit 2, hereto. Pursuant to the FLSA, Plaintiff's unpaid overtime wages are to be doubled, as reflected in Exhibit 2, hereto. The methodology of calculating the amount of overtime pay owed to Plaintiff by Defendants is:

[Hourly rate] X 1.5 (overtime rate) X 40[1] X [number of weeks worked]

---

[1] Plaintiff works, on average, 70-90+ hours per week. Accordingly, for purposes of this Statement of Claims, Plaintiff is using 80 hours per week as an average, with 40 of them being used to calculate Defendants' overtime liability.

22. As reflected on Exhibit 2, hereto, Plaintiffs seeks at least $43,500.00 in unpaid overtime (liquidated under the FLSA), plus attorney's fees and costs associated with this litigation.[2]

## VIII. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That, at the earliest possible time, he be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendants for any HELP operation within the United States. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not paid by Defendants for all hours worked in excess of 40 hours in a workweek at any time during the preceding three years or if Defendants otherwise deprived them of compensation related to expenses incurred on Defendant's behalf or for all hours worked at the

---

[2] A Civil Action Cover Sheet and Summonses for the two defendants are attached hereto as "Exhibits 3-5," respectively.

regular rate of pay. Plaintiff will file a motion for conditional certification as soon as practicable.

B. That Plaintiff be awarded damages in the amount of his unpaid compensation, $21,750.00, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of regular and overtime compensation due which the Defendants unlawfully used instead as personal capital or working capital of the business, for a total amount of $43,500.00 in unpaid compensation due to the Plaintiff.

C. That Plaintiff be awarded prejudgment interest;

D. That Plaintiff be awarded reasonable attorneys' fees;

E. That Plaintiff be awarded the costs and expenses of this action; and

F. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 16th day of April, 2018.

_____
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff